```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Eric Krieg

    v.                               Case No. 22-cv-276-JL

Warden, FCI Berlin

### REPORT AND RECOMMENDATION

Eric Krieg, a federal prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") who is representing himself in this matter, has filed a 28 U.S.C. § 2241 petition challenging a disciplinary proceeding that resulted in a loss of good time credits. The petition is before the undersigned Magistrate Judge for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rules, Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions).

### Preliminary Review Standard

Pursuant to § 2254 Rule 4, a federal judge must screen habeas petitions and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." 28 U.S.C. § 2243; see also McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient

on its face").  In conducting its § 2254 Rule 4 review, the court construes pro se filings liberally.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

In his petition, Mr. Krieg alleges that he was improperly found to have committed a disciplinary offense for "threatening another with bodily harm," in violation of Bureau of Prisons ("BOP") Prohibited Acts Code ("Code") 203, and that he was improperly sanctioned for that disciplinary offense with a loss of twenty-seven days of good conduct time.  Mr. Krieg seeks expungement of that disciplinary finding and restoration of his disallowed good conduct time.

With his petition, Mr. Krieg filed a copy of the Incident Report for the incident underlying the disciplinary charge at issue in this case.  See Doc. No. 1, at 5.  In the Incident Report, the reporting officer, T. Grenier, stated that, on December 30, 2021, when Mr. Krieg was pat-searched after leaving the FCI Berlin food service area, Mr. Krieg said: "'You didn't search me good enough.'"  Id. at 8.  As a result, Officer Grenier and Officer G. Perrault placed Mr. Krieg in a holding cell on suspicion of possession of contraband.

The Incident Report states that Officers Grenier and Perrault later went into the holding cell to release Mr. Krieg

2

to his housing unit.  See id.  As they entered the holding cell, Mr. Krieg was seated on a bench.  See id.  When Officer Grenier told Mr. Krieg to go back to his housing unit, Mr. Krieg stood up "in an aggressive manner, took a fighting stance, and balled his fists in a manner which presented a threat to [the officers'] safety . . . and stated: "What else do you want from me[?]"  Id.  The officers then placed Mr. Krieg in hand restraints and escorted him to the Special Housing Unit.  See id.

Mr. Krieg was charged with a disciplinary offense for allegedly violating Code 203 by threatening the officers with bodily harm.  A hearing was held on that charge on January 25, 2022, before a disciplinary hearing officer ("DHO").  At the hearing, Mr. Krieg denied taking a fighting stance or balling his fists.  The DHO's report states that the DHO considered the following statements Mr. Krieg made at the DHO hearing:

> "I did not take a fighting stance.  What I actually said was why don't you teach Officer Grenier how to pat search somebody without feeling him up.  They took everything from my third locker and I said 'what else do you want from me,' meaning you took everything, what else do you want from me.  I did not make any threatening statements," to the investigating official.
>
> . . .
>
> "It's all bull crap.  It all comes from retaliating because he felt me up.  It's on camera in time square," . . ..

3

> "Grenier felt me up when he pat searched me. This is the second time he did it. That narrative makes no sense. Why would I square up? What does that even mean? Square up. If he told me to go back to my housing unit, why would I do anything? It doesn't make any sense."

DHO Report (Doc. No. 1, at 8).

The DHO found that "the greater weight of the evidence" supported the Code 203 charge levied against Mr. Krieg, and that Mr. Krieg had committed that offense. Id. In making that decision, the DHO relied on: Officer Grenier's Incident Report, Officer Perrault's memorandum about the incident, which supported Officer Grenier's account; Mr. Krieg's statements to the Unit Disciplinary Committee and at the DHO hearing; "video footage of the pat search," in which the actual pat search of Mr. Krieg could not be observed due to the location where it occurred; and Mr. Krieg's disciplinary history, which included a prior disciplinary offense for violation of Code 203. Id.

On appeal, the BOP National Inmate Appeals Administrator found that the DHO's decision was based on the evidence before the DHO, as detailed in the DHO Report, and that "the determination of the DHO is reasonable and supported by the evidence." Doc. No. 1, at 10. The National Appeals administrator also found that Mr. Krieg's "Due Process rights were upheld during the disciplinary process," and that the sanctions imposed "were commensurate to the severity level of

4

the offense committed and in compliance with policy." Id. Mr. Krieg's appeal, therefore, was denied.

## Discussion

I. Legal Standard

Because prisoners have a protected liberty interest in good conduct time, due process requires that prisoners are provided certain procedural protections before good conduct time may be taken away or disallowed as a sanction for a disciplinary violation. See Sup't, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 453 (1985). For that reason, a decision to disallow good conduct time must be based on "some evidence in the record." Id. at 454. The record evidence is sufficient if there is enough evidence to support the decision, even if that evidence is "meager." Id. at 455-56.

II. Analysis

Mr. Krieg contends that that the DHO's decision that he violated Code 203 during the December 2021 incident must be overturned, and his good conduct time restored, because the record lacks any evidence that he made a threat. That is, Mr. Krieg interprets Code 203 to require a verbal threat, and argues that his statements to the officers during the incident underlying that disciplinary charge did not include a threat.

5

Code 203 is a "High Severity Level Prohibited Act" that prohibits inmates from "[t]hreatening another with bodily harm or any other offense." 28 C.F.R. § 541.3. On its face, Code 203 is not limited to verbal threats. Further, threatening conduct similar to Mr. Krieg's fighting stance and statement to the officers has supported disciplinary findings of violations of Code 203. See, e.g., David v. DeRosa, 176 F. App'x 258, 259-60 (3d Cir. 2006) (upholding finding that prisoner raising his voice and fists constituted violation of Code 203); Royal v. Ortiz, Civ. No. 20-12345(RMB), 2021 U.S. Dist. LEXIS 113062, at *11, 2021 WL 2457574, at *4 (D.N.J. June 16, 2021) (clenching fist and moving toward officer "in an aggressive and threatening manner while asking [officer] why he was smirking" found "sufficient to constitute" Code 203 violation); Tyson v. Mackleburg, Civil Action No. 4:19-2818-RMG, 2019 U.S. Dist. LEXIS 230614, at *13, *15, 2020 WL 4607392, at *4 (D.S.C. Apr. 14, 2020) (DHO finding, after viewing video of prisoner turning in staff member's direction, stepping close to staff member, and "walk[ing] around the staff member in a circle face to face in which the officer felt threaten (sic) to her safety," that prisoner's behavior was "very hostile" and "aggressive" sufficient to meet "some evidence" standard set forth in Hill, 472 U.S. at 455), R&R adopted, 2020 U.S. Dist. LEXIS 78906, at *1, *5, 2020 WL 2124527, at *1-*2 (D.S.C. May 5, 2020). But see

6

<u>Williams v. Bradley</u>, Case No. 2:17-cv-01715-AKK-SGC, 2020 U.S. Dist. LEXIS 222588, at *2, 2020 WL 7040563, at *1 (N.D. Ala. Nov. 5, 2020) (upholding decision of DHO who found accusing officer's report credible, but insufficient to support a Code 203 violation, when officer stated that during a cell search, prisoner took an aggressive posture, stepped toward the officer with a clenched fist, refused repeated orders to leave the cell, and swore at officer in hostile tone after repeated orders to do so), <u>R&R adopted by</u> 2020 U.S. Dist. LEXIS 222399, at *1, 2020 WL 7033950, at *1 (N.D. Ala. Nov. 30, 2020).

The reports provided by Officers Grenier and Perrault provided evidence that Mr. Krieg balled his fists, took a fighting stance, and asked them, "What else do you want from me?" when the officers entered the holding cell.  Although Mr. Krieg denied that he took those actions, and states that his question was not threatening, he does not dispute that the described physical conduct, if credited as true, could constitute a threat of bodily harm to the officers.  The DHO's decision was thus based on "some evidence" that Mr. Krieg threatened Officers Grenier and Perrault with bodily harm, which is sufficient to support the DHO's determination that Mr. Krieg violated Code 203, and the DHO's decision to disallow good conduct time as a sanction for that offense.  Accordingly, the DHO's findings and sanction did not violate Mr. Krieg's due

process rights, and the district judge should dismiss Mr. Krieg's § 2241 petition on that basis.

### Conclusion

For the foregoing reasons, the District Judge should dismiss Mr. Krieg's § 2241 petition and direct the Clerk of Court to enter judgment and close the case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). "Only those issues fairly raised by the objections to" this Report and Recommendation "are subject to review in the district court and those not preserved by such objection are precluded on appeal." Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 31, 2023

cc: Eric Krieg, pro se